UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 0 8 2020 ★
BROOKLYN OFFICE



-----------------------------------------------------------------

DAVID K. ROEMER,

                Plaintiff,

      v.

JERMAINE F. WILLIAMS,

                Defendant.

**MEMORANDUM & ORDER**
19-CV-6855 (WFK)(LB)

-----------------------------------------------------------------

WILLIAM F. KUNTZ, II, United States District Judge:

On December 5, 2019, Plaintiff David K. Roemer ("Roemer"), appearing *pro se*, filed this fee-paid complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief against Defendant Jermaine F. Williams, President of Nassau Community College in Garden City, New York, based on an alleged violation of his First Amendment rights under the United States Constitution. Because Roemer has failed to allege facts showing that he has standing to demand that professors at Nassau Community College include his position statement on global warming, the complaint is dismissed as the Court does not have subject matter jurisdiction.

**Background**

The Court assumes the truth of the allegations in the Complaint for the purpose of this Memorandum and Order. Plaintiff, David Roemer, Ph.D., a resident of Brooklyn, has authored a "one-page document with 12 enumerated paragraphs to students taking Prof. Cohen's course on climatology [at Nassau Community College]. The document explains why the political movement to reduce the use of fossil fuels is a malicious hoax." (hereinafter "position paper"). Compl. at 2 and set forth in full at 2–3. Although there is no indication that Roemer has any affiliation with the college, on November 20, 2019, he sent his position paper via email to

1

Professor Bruckner, Chair of the Department of Physical Science at Nassau Community College. On November 21, 2019, Bruckner responded that plaintiff is "mistaken about global warming/climate change being a malicious hoax" and suggested that plaintiff "audit [Professor] Richard Cohen's course on climatology." *Id.* at 4. Via email, mail and facsimile, plaintiff has submitted to Jermaine F. Williams, President of Nassau Community College, a request for permission to distribute the position paper "to my possible future classmates in Prof. Cohen's class." *Id.* Plaintiff files this action seeking an order requiring the distribution of his position paper "or a version of the document that Prof. Cohen and I can agree about" to the students enrolled in Professor Cohen's class at Nassau Community College. He names as the only defendant President Williams, on the basis that he is the supervisor of Bruckner and Cohen. *Id.* at 2.

**Legal Standard**

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citation omitted).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

**Discussion**

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439, (2007). Plaintiff, as the party seeking to invoke the Court's jurisdiction, must establish that he has standing, and by extension, that subject matter jurisdiction exists. *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230–31 (1990)).

To meet the standing requirement, "a plaintiff must show an injury in fact—his pleading and proof that he has suffered the "invasion of a legally protected interest" that is "concrete and particularized," *i.e.*, which "affect[s] the plaintiff in a personal and individual way." *See Lujan v.*

*Defs. of Wildlife,* 504 U.S. 555, 560, n. 1 (1992). Thus, "[s]tanding to sue, in the Constitutional sense, 'is the showing by a plaintiff that his particular grievance meets this standard, the 'essence' of which is the presence of 'injury in fact' suffered by the plaintiff as a result of the defendant's actions.'" *Brady v. Basic Research, LLC,* 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (Feuerstein, J.) (quoting *Evans v. Hills,* 537 F.2d 571, 591 (2d Cir. 1975)); *see Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103 (1998) (noting that an injury-in-fact is "[f]irst and foremost" among the elements of Article III standing). In general, an injury-in-fact "must be concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Elliott v. City of New York,* 06-CV-296, 2010 WL 4628508, 2010 U.S. Dist. LEXIS 121334, at *31, (S.D.N.Y. Nov. 15, 2010) (Patterson, J.) (citing *Lujan,* 504 U.S. at 560).

Even after construing Plaintiff's complaint to "raise the strongest arguments" it suggests, this Court finds that Plaintiff has failed to allege that he has Article III standing. Roemer essentially alleges he—despite his lack of any affiliation with Nassau Community College—has the First Amendment right to have Professor Cohen disseminate his position paper on global warming to the students enrolled in a course on climatology at Nassau Community College. Roemer has not alleged any facts establishing any legally cognizable relationship with the Defendant, nor has he demonstrated that he *personally* suffered any legally cognizable injury. *See, e.g., Hays,* 515 U.S. at 743 (noting it is well settled that the constitutional minimum of standing requires, among other things, that a plaintiff allege that he or she has suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest that is actual or imminent). Even with liberal construction, Plaintiff's injury is at best hypothetical. Plaintiff is neither enrolled in the course nor in the college; the course's curriculum cannot be said to interfere with the exercise of his freedom of speech. *See, e.g., Mincone v. Nassau Cty.*

4

*Cmty. Coll.*, 923 F. Supp. 398, 404–05 (E.D.N.Y. 1996) (Spatt, J.) (discussing standing and finding that the plaintiffs who were not enrolled in the challenged course at the college did not have standing based on their status as county taxpayers to assert free exercise of religion claims). Therefore, the complaint is dismissed for lack of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it).

Moreover, even if Roemer had standing, his claim is frivolous because there is no legal theory on which he can rely. *See Livingston*, 141 F. 3d at 437. There is no basis for this Court to order Nassau Community College officials to invite Roemer to distribute his position paper to students or to hold them liable for failure to do so. *Roemer v. Attorney Grievance Comm.*, 17-CV-703 (PKC) (ECF No. 13, Order dated Feb. 24, 2017) (S.D.N.Y. 2017) (Castel, J.) (Plaintiff's fee-paid *pro se* complaint alleging *inter alia* that Columbia University's refusal to invite him to lecture or teach on a subject violated his First Amendment rights dismissed *sua sponte* as frivolous).

**Conclusion**

Accordingly, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

s/WFK
WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2020
      Brooklyn, New York